## UNITED STATES *v.* DENVER PACIFIC RAILWAY COMPANY.

The Denver Pacific Railway and Telegraph Company is not liable for the debt incurred by the Kansas Pacific Railway Company on account of subsidy bonds; and although it is bound to perform the government service stipulated by the Pacific Railroad acts at the rates therein prescribed, and is subject to their provisions, so far as they are applicable to it, no part of the compensation due it for such service can be retained by the United States.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*The Attorney-General* and *Mr. Joseph K. McCammon* for the appellant.

*Mr. John P. Usher* and *Mr. S. W. Sanderson*, contra.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The decision in this case is controlled by *United States* v. *Kansas Pacific Railway Company, supra,* p. 455. By virtue of the act of March 3, 1869 (15 Stat. 324), the latter company, under the name of the Union Pacific Railway Company, Eastern Division, was " authorized to contract with the Denver Pacific Railway and Telegraph Company, a corporation existing under the laws of the Territory of Colorado, for the construc-

tion, operation, and maintenance of that part of its line of railroad and telegraph between Denver City and its point of connection with the Union Pacific Railroad, which point shall be at Cheyenne, and to adopt the road-bed already graded by said Denver Pacific Railway and Telegraph Company as said line, and to grant to said Denver Pacific Railway and Telegraph Company the perpetual use of its right of way and depot grounds, and to transfer to it all the rights and privileges, subject to all the obligations, pertaining to said part of its line."

By the same act it was further enacted as follows: —

"SECT. 2. And be it further enacted, that the said Union Pacific Railway Company, Eastern Division, shall extend its railroad and telegraph to a connection at the city of Denver, so as to form with that part of its line herein authorized to be constructed, operated, and maintained by the Denver Pacific Railway and Telegraph Company, a continuous line of railroad and telegraph from Kansas City, by way of Denver, to Cheyenne."

. . . . . . . . . . . .

"SECT. 3. And be it further enacted, that said companies are hereby authorized to mortgage their respective portions of said road, as herein defined, for an amount not exceeding $32,000 per mile, to enable them respectively to borrow money to construct the same; and that each of said companies shall receive patents to the alternate sections of land along their respective lines of road, as herein defined, in like manner and within the same limits as is provided by law in the case of lands granted to, the Union Pacific Railway Company, Eastern Division: *Provided*, that neither of the companies hereinbefore mentioned shall be entitled to subsidy in United States bonds under provisions of this act."

The arrangement which was thus provided for and authorized, having been made between the two companies, and each having constructed its particular portion of the road, the government claims that the subsidy bonds granted to the Kansas Pacific Railway Company upon the first $393\frac{15}{16}$ miles of its road, are a lien upon the whole line to Cheyenne, no matter who built it, if built under the authority and powers given to that company; and that five per cent of the net earnings of the entire line are applicable to the payment of said bonds.

In *United States* v. *Kansas Pacific Railway Company* (*supra*, p. 455), we held that the lien of the bonds referred to only extends to the road in respect of which they were granted, and not to the extension of it west of the one hundredth meridian. Of course, that decision controls the present case.

Other reasons might be assigned why the Denver Pacific Railway and Telegraph Company is not liable to pay the five per cent in question, but it is unnecessary to adduce them. The company is bound, of course, to perform the government service stipulated for by the sixth section of the act of 1862, being paid therefor at the rates therein prescribed; and is bound by such other provisions of the act of 1862 and the various supplementary and amendatory acts, as are applicable to it.

*Judgment affirmed.*

NOTE. — At a subsequent day of the term, MR. JUSTICE BRADLEY remarked: Since delivering the opinion in this case, our attention has been called to the fact that, whilst affirming generally the judgment of the court below, we did not expressly pass upon the question of the right set up by the government to retain one half of the amount of compensation due from it to the claimant for the transportation of mails and other public property. This point was not overlooked in rendering our judgment in the case. We cannot conceive on what principle the retention can be claimed, since the object of retaining the compensation for such services, or any portion thereof, as expressed in the sixth section of the act of 1862, was to apply the amount so retained to the debt due to the government for subsidy bonds granted to the companies that should receive the same. But the claimants in this case received no such bonds, and we decided that neither the company, nor its railroad or property, is liable in any way for the payment of any debt incurred for such bonds received by the Kansas Pacific Railway Company. Consequently there is no room for the application of the right of retention in this case, and the judgment of the Court of Claims was properly rendered for the whole amount of such compensation due.